

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/29/2007

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-32747 |
| | § | (Chapter 13) |
| JUDY MAYES JACK, | § | |
| | § | |
| Debtor. | § | |

### ORDER ON MOTION FOR RELIEF FROM STAY
[Docket No. 75]

CAME ON TO BE HEARD "Defendant Violet Jack's Motion for Relief from Stay" [Docket No. 75], and the Court, having considered the pleadings and having heard the arguments of the parties in support of and in opposition to the Motion, has determined to lift the automatic stay in part.[1] It is therefore:

1. ORDERED that the Court has determined to lift the automatic stay as to those matters remanded to the State Court in the matter before this Court styled *Samuel Jack, Jr., Plaintiff v. Violet Jack*, Adversary Proceeding No. 07-03351, and on remand will be styled as Cause No. 79-34580, *In the Interest of Shalynitha Denise Jack and Adrian Dwain Jack*, in the 312th Judicial District Court of Harris County, Texas, save and except this Court does not lift the stay to permit, in that or any other state action, a determination of whether or not any party has an interest in a structured settlement issued to Samuel Jack in settlement of a personal

---

[1] In addition to the hearing held on November 2, 2007, the Court also held a telephonic hearing on November 27, 2007 because, in the wake of the November 2 hearing, the parties could not reach agreement on the form of the order, and therefore submitted competing proposed orders. The purpose of the hearing on November 27, 2007 was to allow the parties to make arguments as to why the Court should approve their respective proposed orders. The Court has decided to sign the proposed order submitted counsel for Violet Jack, but the Court has made changes to this order based upon arguments made during the November 27, 2007 hearing. The Court has made these changes because, among other reasons, the Court finds that the funds to be paid under the structured settlement must be, at this time, presumed to be property of the estate and therefore subject to the automatic stay. *See Templeton Mortgage Corp. v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303 (5th Cir. 2005) ("This breadth suggests Congressional intent that, in the face of uncertainty or ambiguity, courts should presume protection of arguable property [of the estate].")

injury claim in 1992 and issued by Allstate Life Insurance Company and/or Allstate Settlement Corp; and it is further

2. ORDERED that this Court lifts the stay as to all matters pending in Cause No. 359167, *The Estate of Samuel Jack, Jr.*, pending in the Probate Court No. 1 of Harris County, Texas, with the same restrictions as stated above; and it is further

3. ORDERED that this Court lifts the stay on the appeal entitled "*In the Interest of S.D.J. and A.D.J.*," No. 14-07-00641-CV in the 14th Court of Appeals of Houston, Texas; and it is further

4. ORDERED that the stay is lifted for cause as fully reflected on the record for the reasons set forth on the record at the November 2, 2007 hearing, which this Court adopts as its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052; and it is further

5. ORDERED that each party bear its own attorneys' fees and costs relating to the motion for relief from the automatic stay.

Signed this 29th day of November, 2007.

Jeff Bohm
United States Bankruptcy Judge